RILEY AVERILL *et al.*, appellants, *v.* SPENCER FIELD, appellee.

*Appeal from Tazewell.*

A plea to an action upon a promissory note, by the payee against the makers, that at the time of making the note, it was agreed by and between the parties, by writing under seal, that the plaintiff had sold and conveyed to the defendants a part of the town lots in a certain town; that whenever the plaintiff should sell any of the remaining lots, he should pay one half of the proceeds to the defendants, and that whenever the defendants should sell any of the lots conveyed to them, they should pay over one half of the proceeds to the plaintiff; and that the plaintiff should wait for the payment of the note, until an amount of lots should be sold equal to the note ; and that at the time of the commencement of the suit, the defendants had not sold any of the lots, is no defence to the action.

THIS cause was heard in the Court below, at the September term, 1841, before the Hon. Samuel H. Treat. Judgment was rendered for the plaintiff for $364.50 damages, and costs of suit. The defendants appealed to this Court.

S. T. LOGAN and A. LINCOLN, for the appellants :

The matter attempted to be pleaded is a good bar to the action. Bailey *v.* Cromwell *et al., Ante* 71 ; 1 Chit. Plead. 280, 354, 254.

The matter is sufficiently pleaded. 1 Chit. Plead. 205 ; 8 Term R. 167 ; 8 East 80.

E. D. BAKER and A. T. BLEDSOE, for the appellee.

DOUGLASS, Justice, delivered the opinion of the Court :

Spencer Field brought an action of *assumpsit*, in the Tazewell Circuit Court, on a promissory note, against Riley Averill and Alfred Lowell, to which they interposed a special plea, in substance as follows :

That at the time of making the note, it was agreed by and between the parties, by writing under seal, that Field had sold and conveyed to Averill and Lowell, a part of the lots in Field's addition to the town of Pekin; that whenever Field should sell any of the remaining lots, he should pay one half of the proceeds to Averill and Lowell, and that whenever Averill and Lowell should sell any of the lots so conveyed to them, they should pay over one half of the proceeds to Field; and that Field should wait for the payment of the note, until an amount of said lots should be sold, equal to the amount of the note sued on; and that at the time of the commencement of this suit, Averill and Lowell had not sold any of said lots. To this plea, Field, the plaintiff below, demurred, and the Court sustained the demurrer; and the defendants below saying nothing further, judgment was rendered against them for the amount of the note and interest.

The only error assigned is the decision of the Court below, sustaining the demurrer to the defendants' plea. It is insisted by the appellants, that inasmuch as the note sued on, and the written agreement set up in the plea, were executed at the same time, and relate to the same subject matter, they must be treated as one entire contract; and the decision of this Court at the July term, 1841, in the case of Bailey *v.* Cromwell *et al.,* (1) is cited in support of this position. Testing the case by this rule, it is not difficult to arrive at the intention of the parties. Field being the owner of the town lots, sold one half of them to Averill and Lowell, and received this note in payment, upon this condition; that both parties should proceed to sell the lots held by them respectively, each paying to the other one-half of the proceeds of the sales, as soon as made, and that Field should wait for the payment of the note sued on, until the whole amount of sales should equal the amount of the note. The defendants below, in their plea, aver, that at the time of the commencement of the suit, they had not sold any part of said lots, and place their whole defence upon this one fact. This averment is not sufficiently broad to embrace the terms of the contract. The contract was, that the note should not be paid until the whole amount of sales, by both parties, should equal the amount of the note; and it may be true, as averred in the plea, that Averill and Lowell had not sold any part of said lots, and yet, that Field had made sales, and paid one half of the proceeds to them, amounting to enough to pay said note, in pursuance of said contract. If this supposition be true, surely the facts stated in the plea, constitute no defence to the action. It is objected, however, that by the general rules of pleading, a party is not bound to plead any matter which more properly comes from the other side, (2) and that this plea contains sufficient to establish a *prima facie* defence, and imposes upon the plaintiff below, the necessity of reply-

(1) *Ante* 71.          (2) 1 Chit. Plead. 254.

ing further in avoidance.    It is conceded that the rule of pleading, as contended for by the appellants, is founded in reason, and amply sustained by authority; but the misfortune in this case is, that the facts set forth in the plea, do not bring it within this rule. The suit is brought upon a promissory note, dated February 21st, 1837, and payable twelve months after date.    This note, upon its face, and by its terms, is payable absolutely and unconditionally, on a certain day specified therein, which day had elapsed long before the commencement of the suit.    The defendants below, in their plea, show, that although this note, by its tenor and terms, was due and payable, yet by virtue of another written instrument entered into between the parties, at the same time, it was not in fact to be paid until the happening of a certain condition; but the plea, omits to deny that said condition had happened.    Without such denial, the note is presumed to be due according to its terms, and by the rules of pleading, as well as evidence, the burthen devolves upon the makers of the note, to show that it was not due.    Whether this plea would have been a good bar to the action, if it had averred, that the sales of lots by the plaintiff and defendants together, did not amount to enough to pay said note, the Court does not deem it necessary to enquire.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*